UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

**RECEIVED**

**Devin Brandis Pugh**

2024 DEC 26 P 1: 30

Plaintiff

v.

**South Central Mental Health Center, Luverne, Alabama**

Defendant

2:24-cv-00836-ECM-JTA

Case No.: _____

**1:25-cv-30-RAH-SMD**

(to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

**COMPLAINT FOR A CIVIL CASE**


**I. The Parties to This Complaint**

**A. The Plaintiff**

- Name: Devin Brandis Pugh
- Address: _23 5ᵗʰ Street Av_
- City and County: _Luverne, Crenshaw_
- State and Zip Code: _AL_
- Telephone: _334 452-2108_

**B. The Defendant**

- Name: South Central Mental Health Center
- Address: 587 Bentley Avenue
- City and County: Luverne, Crenshaw County
- State and Zip Code: Alabama, 36049


**II. Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Federal Question: The claims in this case involve violations of federal laws regarding patient rights and protections under the Americans with Disabilities Act (ADA), HIPAA, and state mental health laws.

### III. Statement of Claim

### 1. Overview of Allegations:

The Plaintiff brings this complaint against South Central Mental Health Center for multiple instances of abuse, negligence, and unethical conduct, including:

- Forging patient signatures on critical documents without consent or knowledge.
- Routinely yelling and verbally abusing patients, creating a hostile and traumatic environment.
- Employees, including Sandy Flowers, Brittany, Lisa Dixon, and an unidentified male staff member known for his intimidating demeanor, failing to act in the patients' best interests.
- Staff dismissing legitimate patient concerns and engaging in retaliatory behavior against those who advocate for their rights.

### 2. Specific Incidents:

- **Forgery of Patient Signatures:**
  - Patient signatures were falsified on treatment plans and consent forms, violating federal and state laws.
  - This deceptive practice undermines the integrity of patient rights and informed consent.
- **Verbal Abuse:**
  - Staff members frequently screamed at patients, including during therapy sessions, exacerbating their mental health conditions.
  - Verbal hostility directly contradicts mental health care best practices and federal protections under the ADA.
- **Retaliatory and Intimidating Behavior:**
  - Staff members, including an unidentified male staffer with a physically imposing presence, regularly intimidated patients.

    o  Sandy Flowers and Brittany repeatedly dismissed patient complaints and refused to escalate concerns to appropriate channels.

## IV. Legal Basis for Claims

1. **Americans with Disabilities Act (ADA):** Prohibits discrimination and ensures equitable treatment of individuals with mental health conditions.
2. **HIPAA Violations:** Unauthorized forging of signatures breaches patient confidentiality and privacy rights.
3. **State and Federal Mental Health Laws:** Require providers to act in the best interests of their patients and maintain a standard of care that respects their dignity and rights.

## V. Harm Suffered by Plaintiff

1. Emotional distress and mental anguish caused by abusive and intimidating behavior.
2. Loss of trust in the mental health care system due to forgery and unethical practices.
3. Worsening of mental health conditions as a direct result of the hostile treatment environment.

## VI. Relief Requested

Plaintiff requests the Court to:

1. Conduct an independent investigation into South Central Mental Health Center's practices.
2. Mandate comprehensive training for all staff on patient rights, HIPAA compliance, and trauma-informed care.
3. Require the termination of employees, including Sandy Flowers, Brittany, Lisa Dixon, and the intimidating male staffer, who have been found to engage in unethical or abusive practices.
4. Award damages for emotional distress and the violation of patient rights.
5. Grant any additional relief deemed just and proper by the Court.

## VII. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs.
2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law.
3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.
4. Complies with Rule 11 requirements.

- **Plaintiff's Signature:** _____
- **Date:** _____
- **Plaintiff's Name (Printed):** _____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF [Your State]

**[Your Full Name]**

Plaintiff

v.

**Amazon Marketplace and HHH Motorcycle Seller**

Defendants

Case No.: _____

(to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

**COMPLAINT FOR A CIVIL CASE**


**I. The Parties to This Complaint**

**A. The Plaintiff**

- Name: [Your Full Name]
- Address: [Your Address]
- City and County: [City and County]
- State and Zip Code: [State and Zip Code]
- Telephone: [Your Telephone Number]

**B. The Defendants**

**1. Amazon Marketplace**
   a. Address: 410 Terry Avenue North
   b. City and County: Seattle, King County
   c. State and Zip Code: Washington, 98109

**2. HHH Motorcycle Seller**
   a. Address: [Seller's Address, if known]
   b. City and County: [City and County, if known]

c. State and Zip Code: [State and Zip Code, if known]

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Federal Question: This claim involves violations of the Federal Trade Commission Act, breaches of implied warranties under the Magnuson-Moss Warranty Act, and state consumer protection laws.
- ☑ Diversity of Citizenship: The plaintiff resides in a different state from the defendants, and the amount in controversy exceeds $75,000.

## III. Statement of Claim

### 1. Overview of Allegations:

On [Date of Purchase], the Plaintiff purchased an HHH Motorcycle 125cc via Amazon Marketplace for $2,500. The motorcycle was delivered defective and in an unusable condition, with clear evidence of damage and tampering. Upon initiating an A-to-Z claim for reimbursement, Amazon denied the claim without adequate investigation or resolution.

### 2. Specific Claims:

   a. **Product Defect and Breach of Warranty:**
      i. The motorcycle arrived defective and was not as described in the listing.
      ii. It failed to meet the basic expectations of safety and functionality.

   b. **Negligence by Amazon:**
      i. Amazon's denial of the A-to-Z claim demonstrates a failure to act in good faith and to protect consumers under its own marketplace policies.

   c. **Emotional and Financial Damages:**
      i. The Plaintiff experienced financial loss due to the defective product and emotional distress from the failure to resolve the issue.

### 3. Evidence Supporting the Claims:

   a. Copies of the purchase receipt and order confirmation.
   b. Photos and videos of the defective motorcycle.
   c. Documentation of communication with Amazon and the seller.

REQUEST FOR POLICY ENFORCEMENT: MANDATORY MENTAL HEALTH EVALUATIONS

Submitted by: [Your Name]Address: [Your Address]City/State/Zip Code: [City, State, ZIP]Email Address: [Your Email Address]Date: [Date of Submission]

To:United States Department of Education400 Maryland Avenue, SWWashington, D.C. 20202

Subject: Proposal to Mandate Mental Health Evaluations for All Students in Middle and High Schools

I. Proposal Summary

This request advocates for the enforcement of mandatory mental health evaluations for all middle and high school students across the United States. The primary objective is to ensure early identification of mental health issues, provide timely support, and foster a supportive educational environment. This aligns with the Department of Education's mission to promote student well-being and academic success.

II. Basis for Proposal

Statistical Evidence:

According to the National Alliance on Mental Illness (NAMI), 1 in 6 U.S. youth aged 6-17 experience a mental health disorder each year.

The Centers for Disease Control and Prevention (CDC) reports a significant increase in anxiety, depression, and suicidal ideation among adolescents in recent years.

Legal and Ethical Foundations:

Individuals with Disabilities Education Act (IDEA): Requires schools to provide services for students with identified mental health needs.

1

Every Student Succeeds Act (ESSA): Emphasizes the importance of holistic support for student success, including mental health services.

Equal Protection Clause of the 14th Amendment: Ensures all students have equal access to necessary health evaluations to achieve academic parity.

III. Proposed Implementation

Mandatory Annual Evaluations:

Schools will conduct mental health evaluations for students in grades 6-12.

Evaluations to be performed by certified mental health professionals.

Confidentiality and Parental Involvement:

Results to remain confidential and shared only with the student, parents/guardians, and relevant school personnel.

Parents/guardians to be informed of evaluation outcomes and involved in follow-up processes as needed.

Follow-Up and Support Services:

Establishment of referral systems for students requiring additional care.

Training for teachers and staff to identify warning signs and provide support.

IV. Expected Outcomes

Enhanced Academic Performance:

Early intervention will improve students' focus, attendance, and grades.

Reduced Behavioral Issues:

Timely identification and management of mental health concerns will reduce classroom disruptions and disciplinary actions.

Promotion of Equity:

Ensures all students, regardless of socioeconomic status, have access to mental health resources.

V. Request for Action

The Department of Education is requested to:

Develop and enforce policies mandating annual mental health evaluations for middle and high school students.

Allocate funding for schools to hire qualified mental health professionals.

Provide guidelines and training to schools for the effective implementation of these evaluations.

Establish partnerships with local healthcare providers to ensure continuity of care for identified students.

VI. Certification

Under the penalty of perjury, I certify that this request is submitted in good faith and supported by existing data, research, and legal frameworks.

Signature: _____ Date: _02 / 23/ 24_

*3*

B. The Defendant

- Name: Colbert County Government
- Job or Title: County Government Entity
- Address: Colbert County Courthouse, 201 N. Main Street
- City and County: Tuscumbia, Colbert County
- State and Zip Code: Alabama, 35674

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Colbert County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Colbert County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Colbert County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Colbert County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

- State and Zip Code: _____

- Telephone: _____

B. The Defendant

- Name: Coffee County Government

- Job or Title: County Government Entity

- Address: Coffee County Courthouse, 230 N. Court Avenue

- City and County: Elba, Coffee County

- State and Zip Code: Alabama, 36323

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Coffee County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

    - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

    - Americans with Disabilities Act (ADA): Public transportation systems must

residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Coffee County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Coffee County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Coffee County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Coffee County** has been created, including the full mailing address. Let me know if you'd like to proceed with the next county or make further adjustments.

continue

⊟   Colbert Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Colbert County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh
- Address: 2.0  5th  Street
- City and County: Luverne, Crenshaw

B. The Defendant

- Name: Colbert County Government

- Job or Title: County Government Entity

- Address: Colbert County Courthouse, 201 N. Main Street

- City and County: Tuscumbia, Colbert County

- State and Zip Code: Alabama, 35674

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Colbert County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

    - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

    - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

    - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally

- Address: Conecuh County Courthouse, 111 Court Street

- City and County: Evergreen, Conecuh County

- State and Zip Code: Alabama, 36401

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Conecuh County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

    - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

    - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

    - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

    - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Conecuh County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Conecuh County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Conecuh County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _Dwi Pugh_

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Conecuh County** has been created, including the full mailing address. Let me know if you'd like to proceed with the next county or make further adjustments.

- Plaintiff's Signature: _____

- Date: _____

- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

The individual complaint for **Colbert County** has been created, including the full mailing address. Let me know if you'd like to proceed with the next county or make further adjustments.

continue

⊟  Conecuh Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Conecuh County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Colbert County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Colbert County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Colbert County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

- City and County: Prattville, Autauga County

- State and Zip Code: Alabama, 36067

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Autauga County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

   - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Autauga County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Autauga County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Autauga County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

The individual complaint for **Autauga County** has been created. Let me know if you'd like to proceed with the next county or adjust the content.

continue

Baldwin Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Baldwin County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

B. The Defendant

- Name: Baldwin County Government

- Job or Title: County Government Entity

- Address: Baldwin County Courthouse

- City and County: Bay Minette, Baldwin County

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

**Devin Brandis Pugh Plaintiff**

**v.**

**Autauga County, Alabama Defendant**

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff**

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

**B. The Defendant**

RECEIVED

2024 DEC 26  P 1: 31

🗐 Barbour Complaint

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

RECEIVED

v.

2024 DEC 26  P 1: 31

Barbour County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

B. The Defendant

- Name: Barbour County Government
- Job or Title: County Government Entity
- Address: Barbour County Courthouse
- City and County: Clayton, Barbour County
- State and Zip Code: Alabama, 36016

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.
- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:
   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.
   - Despite this, Barbour County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.
   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:
   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.
   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Barbour County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Barbour County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Barbour County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

- **Plaintiff's Signature:** _____
- **Date:** _____
- **Plaintiff's Name (Printed):** _____

OPTIONAL: If electronic notifications are requested:

The individual complaint for **Barbour County** has been created. Let me know if you'd like to proceed with the next county or adjust the content.

continue

▤  Bibb Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Bibb County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh
- Address: _____
- City and County: _____
- State and Zip Code: _____
- Telephone: _____

B. The Defendant

- Address: Bibb County Courthouse

- City and County: Centreville, Bibb County

- State and Zip Code: Alabama, 35042

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Bibb County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

    - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

    - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

    - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

    - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Bibb County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Bibb County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Bibb County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____

OPTIONAL: If electronic notifications are requested:

The individual complaint for **Bibb County** has been created. Let me know if you'd like to proceed with the next county or make any adjustments.

continue

Blount Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Blount County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

B. The Defendant

- Name: Blount County Government

- Job or Title: County Government Entity

- Address: Blount County Courthouse

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Blount County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

   - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

   - The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation

1. Order Blount County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Blount County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Blount County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____

- Date: _____

- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Blount County** has been created. Let me know if you'd like to proceed with the next county or adjust the content.

continue

▤  Bullock Complaint                                                                         ↗

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Bullock County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh
- Address: _____
- City and County: _____
- State and Zip Code: _____
- Telephone: _____

B. The Defendant

- Name: Bullock County Government
- Job or Title: County Government Entity
- Address: Bullock County Courthouse
- City and County: Union Springs, Bullock County
- State and Zip Code: Alabama, 36089

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Bullock County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

   - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

   - The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

2. Require Bullock County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Bullock County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

continue

🗋  Butler Complaint

RECEIVED

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA  2024 DEC 25  P 1: 32

Devin Brandis Pugh Plaintiff

v.

Butler County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh
- Address: _____
- City and County: _____
- State and Zip Code: _____
- Telephone: _____

B. The Defendant

- Name: Butler County Government
- Job or Title: County Government Entity
- Address: Butler County Courthouse
- City and County: Greenville, Butler County
- State and Zip Code: Alabama, 36037

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Butler County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

   - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

   - The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Butler County to develop and implement comprehensive public

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Butler County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Butler County** has been created. Let me know if you'd like to proceed with the next county or adjust the content.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Calhoun County, Alabama Defendant



RECEIVED

2024 DEC 26 P 1:32

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh
- Address: _____
- City and County: _____
- State and Zip Code: _____
- Telephone: _____

B. The Defendant

- Name: Calhoun County Government
- Job or Title: County Government Entity
- Address: Calhoun County Courthouse
- City and County: Anniston, Calhoun County
- State and Zip Code: Alabama, 36201

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Calhoun County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

   - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

   - The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Calhoun County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Calhoun County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Calhoun County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____

- Date: _____

- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address:

The individual complaint for **Calhoun County** has been created. Let me know if you'd like to proceed with the next county or make any changes.

continue

Chambers Complaint

Chambers County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

B. The Defendant

- Name: Chambers County Government

- Job or Title: County Government Entity

- Address: Chambers County Courthouse

- City and County: LaFayette, Chambers County

- State and Zip Code: Alabama, 36862

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

RECEIVED

2024 DEC 26  P 1: 32

- Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

- Despite this, Chambers County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

- Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

- Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

- Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Chambers County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Chambers County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Chambers County** has been created. Let me know if you'd like to proceed with the next county or adjust the content.

continue

📄  Cherokee Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

V.

Cherokee County, Alabama Defendant

COMPLAINT FOR A CIVIL CASE

## I. The Parties to This Complaint

### A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

### B. The Defendant

- Name: Cherokee County Government

- Job or Title: County Government Entity

- Address: Cherokee County Courthouse

- City and County: Centre, Cherokee County

- State and Zip Code: Alabama, 35960

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

## III. Statement of Claim

1. Facts of the Case:
   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other

- Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

- Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

- Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Cherokee County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Cherokee County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Cherokee County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _*Devin Pugh*_____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Cherokee County** has been created. Let me know if you'd like to proceed with the next county or make any changes.

continue

▤ Chilton Complaint                                                                              ⤢

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Chilton County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

## B. The Defendant

- Name: Chilton County Government

- Job or Title: County Government Entity

- Address: Chilton County Courthouse

- City and County: Clanton, Chilton County

- State and Zip Code: Alabama, 35045

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

## III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Chilton County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

- Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

- Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Chilton County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Chilton County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Chilton County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Chilton County** has been created. Let me know if you'd like to proceed with the next county or make any changes.

continue

▤ Choctaw Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Choctaw County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- State and Zip Code: _____

- Telephone: _____

## B. The Defendant

- Name: Choctaw County Government

- Job or Title: County Government Entity

- Address: Choctaw County Courthouse

- City and County: Butler, Choctaw County

- State and Zip Code: Alabama, 36904

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

## III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Choctaw County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

    - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

    - Americans with Disabilities Act (ADA): Public transportation systems must

residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Choctaw County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Choctaw County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Choctaw County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary

- Plaintiff's Signature: _____

- Date: _____

- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Choctaw County** has been created. Let me know if you'd like to proceed with the next county or make any changes.

continue

Clarke Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Clarke County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Name: Clarke County Government

- Job or Title: County Government Entity

- Address: Clarke County Courthouse

- City and County: Grove Hill, Clarke County

- State and Zip Code: Alabama, 36451

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Clarke County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Clarke County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Clarke County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Clarke County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Clarke County** has been created. Let me know if you'd like to proceed with the next county or make any changes.

continue

📄 Clay Complaint

The individual complaint for **Clay County** has been created. Let me know if you'd like to proceed with the next county or make any changes.

include the mailing address of the county

It seems there was an issue updating the address for Clay County. Let me correct it and include the full mailing address properly.

It seems the specific text pattern for the Clay County Courthouse address could not be found in the document to make the update. If you'd like, I can review the document further or manually include the full mailing address for accuracy. Let me know how you'd like to proceed!

try again

📄 Clay Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Clay County, Alabama Defendant

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone: _____

B. The Defendant

- Name: Clay County Government

- Job or Title: County Government Entity

- Address: Clay County Courthouse, 25 Court Square

- City and County: Ashland, Clay County

- State and Zip Code: Alabama, 36251

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

- Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

- Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

- Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Clay County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Clay County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Clay County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _Thom Pugh_____

- Date: _____

- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address:

The complaint has been updated to include the mailing address for the Clay County Courthouse. Let me know if there are any further changes you'd like!

continue and include address

📄  Cleburne Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Cleburne County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

- Address: _____
- City and County: _____
- State and Zip Code: _____
- Telephone: _____

B. The Defendant

- Name: Cleburne County Government
- Job or Title: County Government Entity
- Address: Cleburne County Courthouse, 120 Vickery Street
- City and County: Heflin, Cleburne County
- State and Zip Code: Alabama, 36264

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Cleburne County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility

- Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

- Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

IV. Relief Requested

Plaintiff requests the Court to:

1. Order Cleburne County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Cleburne County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Cleburne County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____

- Date: _____

- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Cleburne County** has been created, including the full mailing address. Let me know if you'd like to proceed with the next county or make further adjustments.

continue

⊟  Coffee Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Coffee County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh

- State and Zip Code: _____

- Telephone: _____

B. The Defendant

- Name: Coffee County Government

- Job or Title: County Government Entity

- Address: Coffee County Courthouse, 230 N. Court Avenue

- City and County: Elba, Coffee County

- State and Zip Code: Alabama, 36323

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

    - Despite this, Coffee County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

    - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

    - Americans with Disabilities Act (ADA): Public transportation systems must

residents.

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Coffee County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Coffee County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Coffee County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Coffee County** has been created, including the full mailing address. Let me know if you'd like to proceed with the next county or make further adjustments.

continue

📄  Colbert Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Colbert County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh
- Address: _____
- City and County: _____

B. The Defendant

- Name: Colbert County Government

- Job or Title: County Government Entity

- Address: Colbert County Courthouse, 201 N. Main Street

- City and County: Tuscumbia, Colbert County

- State and Zip Code: Alabama, 35674

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:

   - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.

   - Despite this, Colbert County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.

   - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:

   - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.

   - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally

- Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including access to public services like transportation.

3. Harm Suffered by Plaintiff:

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Colbert County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Colbert County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Colbert County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

- Plaintiff's Signature: _____
- Date: _____
- Plaintiff's Name (Printed): _____

OPTIONAL: If electronic notifications are requested:

The individual complaint for **Colbert County** has been created, including the full mailing address. Let me know if you'd like to proceed with the next county or make further adjustments.

continue

📄 Conecuh Complaint

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALABAMA

Devin Brandis Pugh Plaintiff

v.

Conecuh County, Alabama Defendant

Case No.: _____ (to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

A. The Plaintiff

- Name: Devin Brandis Pugh
- Address: _____
- City and County: _____
- State and Zip Code: _____
- Telephone: _____

- Address: Conecuh County Courthouse, 111 Court Street
- City and County: Evergreen, Conecuh County
- State and Zip Code: Alabama, 36401

II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises issues related to equal access to public transportation under federal laws such as the Americans with Disabilities Act (ADA) and the Civil Rights Act, which mandate equitable access to public services for all residents.
- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

III. Statement of Claim

1. Facts of the Case:
    - Public transportation is a critical infrastructure component that ensures residents can access employment, education, healthcare, and other essential services.
    - Despite this, Conecuh County lacks adequate public transportation systems or sufficient bus stops to meet residents' needs.
    - Given the population and geographic size of the county, there should be a minimum of 50 bus stops to ensure adequate coverage and accessibility.

2. Legal Basis for the Complaint:
    - Americans with Disabilities Act (ADA): Public transportation systems must provide equitable and accessible services to individuals with disabilities.
    - Civil Rights Act of 1964, Title VI: Prohibits discrimination in federally funded programs, including transportation, ensuring equal access for all residents.
    - Equal Protection Clause of the 14th Amendment: Mandates that state and local governments provide equal treatment under the law, including

- The plaintiff, along with other residents, has suffered economic, social, and health disparities due to the lack of adequate public transportation.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order Conecuh County to develop and implement comprehensive public transportation systems that include a minimum of 50 bus stops.

2. Require Conecuh County to provide a detailed timeline for achieving this goal and allocate sufficient resources for its implementation.

3. Mandate compliance with ADA and Title VI standards to ensure equitable access for all residents, including those with disabilities and individuals in underserved communities.

4. Appoint an independent monitor to oversee the planning and execution of public transportation improvements in Conecuh County.

5. Award damages for the economic and social harm caused by the lack of adequate public transportation.

6. Grant any additional relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- Plaintiff's Signature: _____

OPTIONAL: If electronic notifications are requested:

- Email Address: _____

The individual complaint for **Conecuh County** has been created, including the full mailing address. Let me know if you'd like to proceed with the next county or make further adjustments.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF _____

_____

Devin Brandis Pugh

v.

Crenshaw Community Hospital
Defendant(s)

Case No.: _____
(to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff

- Name: Devin Brandis Pugh

- Street Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone Number: _____

#### B. The Defendant

- Name: Crenshaw Community Hospital

- Job or Title: Medical Facility

- Street Address: 101 Hospital Circle

- City and County: Luverne, Crenshaw County

- State and Zip Code: Alabama, 36049

### II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises questions regarding patient rights, ethical medical practices, and compliance with federal healthcare laws, including the Emergency Medical Treatment and Labor Act (EMTALA).

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

## III. Statement of Claim

1. **Facts of the Case:**

   o The staff at Crenshaw Community Hospital have displayed unprofessional and unethical behavior that jeopardizes patient welfare. Specific incidents include:

     ▪ Manager Sandra Flowers, Nikki Sipper, Rachel, Dr. Saeed Shah, Marty, and Monica have collectively exhibited rude and hostile conduct toward patients.

     ▪ Monica, in particular, has told patients not to return to the hospital and actively works to deny admission by calling law enforcement instead of providing patients with clear written criteria for acceptable admissions.

     ▪ Doctors, including Dr. Saeed Shah, demonstrate a "one-size-fits-all" approach to patient care by refusing to prescribe necessary controlled substances, such as Adderall or Tramadol, based on individualized assessments. Instead, patients are broadly categorized without considering their unique medical needs.

     ▪ Patients seeking care are met with resistance, hostility, and a lack of guidance, which violates their rights to respectful and fair treatment.

   o These actions have created a hostile environment and deterred patients from seeking necessary medical attention, compromising their health and well-being.

2. **Legal Basis for the Complaint:**

   o **Emergency Medical Treatment and Labor Act (EMTALA):** Federal law mandates that hospitals provide appropriate medical screening and necessary stabilizing treatment to patients, regardless of their ability to pay or perceived demeanor.

- o **Patient Rights and HIPAA:** Patients have the right to be treated with respect and dignity in all medical settings. This includes clear communication of hospital policies and admission criteria.

- o **Negligence:** The hospital staff's actions constitute a breach of their duty of care, resulting in harm to patients seeking assistance.

3. **Harm Suffered by Plaintiff:**

   - o The plaintiff, along with other patients, has suffered emotional distress, unnecessary delays in receiving medical treatment, and the denial of care in violation of federal laws.

## IV. **Relief Requested**

Plaintiff requests the Court to:

1. Order Crenshaw Community Hospital to implement mandatory staff training on patient rights, ethical conduct, and federal healthcare laws such as EMTALA.

2. Require the hospital to provide written criteria for admissions to all patients seeking care.

3. Investigate and address the specific conduct of Manager Sandra Flowers, Nikki Sipper, Rachel, Dr. Saeed Shah, Marty, and Monica, ensuring accountability and corrective action.

4. Require individualized patient care plans to be developed and prohibit the use of "one-size-fits-all" diagnoses and treatment approaches, particularly in the prescription of controlled substances.

5. Award damages for emotional distress and harm caused by the hospital's negligence.

6. Grant any additional relief deemed just and proper by the Court.

7. there should be a complaint form that goes directly to the board of commissioners  handed to the patients

## V. **Certification and Closing**

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- **Plaintiff's Signature:** _____

- **Date:** _____

- **Plaintiff's Name (Printed):** _____

**OPTIONAL:** If electronic notifications are requested:

- Email Address: _____

_____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF _____

Devin Brandis Pugh

v.

United States Department of Education
Defendant(s)

Case No.: _____
(to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff

- Name: _____

- Street Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone Number: _____

#### B. The Defendant

- Name: United States Department of Education

- Job or Title: Federal Agency

- Street Address: 400 Maryland Avenue, SW

- City and County: Washington, District of Columbia

- State and Zip Code: 20202

### II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises questions about federal
  education policies, public health, and student welfare as protected under federal

laws such as the Every Student Succeeds Act (ESSA) and Americans with
Disabilities Act (ADA).

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the
defendant.

## III. Statement of Claim

### 1. Facts of the Case:

- o  The Department of Education oversees the well-being and academic
success of millions of students nationwide but currently lacks a mandate for
regular mental health evaluations in middle schools.

- o  Research consistently shows that early mental health interventions
significantly improve academic performance, social development, and
overall well-being.

- o  Grade Point Averages (GPA) often reflect underlying mental health
conditions, and routine evaluations can identify at-risk students who might
otherwise go unnoticed.

### 2. Legal Basis for the Complaint:

- o  **Every Student Succeeds Act (ESSA):** Promotes equitable educational
opportunities and emphasizes the importance of student mental health.

- o  **Americans with Disabilities Act (ADA):** Requires schools to provide
accommodations for students with mental health disabilities. Early
identification ensures compliance with these mandates.

- o  **Individuals with Disabilities Education Act (IDEA):** Supports identifying
students with disabilities to provide them with necessary services.

### 3. Harm Suffered by Plaintiff:

- o  The lack of mandated mental health evaluations has left countless students,
including the plaintiff or their represented party, without critical support,
leading to preventable academic struggles and mental health crises.

## IV. Relief Requested

Plaintiff requests the Court to:

1. Order the Department of Education to mandate mental health evaluations for all middle school students nationwide, linked to their academic performance indicators such as GPA.

2. Require the development and dissemination of a standardized mental health screening tool for schools.

3. Provide funding and resources to ensure that schools can implement these evaluations effectively.

4. Award any other relief deemed just and proper by the Court.

5. Give the student the option to have it or decline it with a parents conscent

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- **Plaintiff's Signature:** _____

- **Date:** _____

- **Plaintiff's Name (Printed):** _____

**OPTIONAL:** If electronic notifications are requested:

- Email Address: _____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF _____

---

Devin Brandis Pugh

v.

Alphabet Inc. (Parent Company of Google)
Defendant(s)

Case No.: _____
(to be filled in by the Clerk's Office)

JURY TRIAL: ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

## I. The Parties to This Complaint

### A. The Plaintiff

- Name: _____

- Street Address: _____

- City and County: _____

- State and Zip Code: _____

- Telephone Number: _____

### B. The Defendant

- Name: Alphabet Inc. (Parent Company of Google)

- Job or Title: Technology Company

- Street Address: 1600 Amphitheatre Parkway

- City and County: Mountain View, Santa Clara County

- State and Zip Code: California, 94043

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. This case involves:

- ☑ Constitutional or Federal Question: The case raises questions about consumer rights, transparency, and the accessibility of legal resources as protected under

federal laws such as the Consumer Review Fairness Act and Freedom of Information Act.

- ☐ Diversity of Citizenship: The plaintiff resides in a different state from the defendant.

## III. **Statement of Claim**

1. **Facts of the Case:**

   o Google, operated by Alphabet Inc., hosts a review tab on its search engine, which allows users to leave reviews about businesses. However, it does not provide users with easily accessible resources for pursuing legal complaints against these businesses when warranted.

   o The absence of downloadable legal forms, such as a "Pro Se General Complaint" or "Application to Proceed Without Prepaying Fees or Costs," prevents consumers from exercising their right to file legitimate claims against businesses.

2. **Legal Basis for the Complaint:**

   o **Freedom of Information Act (FOIA):** Establishes the public's right to access information that promotes accountability.

   o **Consumer Review Fairness Act:** Protects consumers' rights to provide honest feedback and seek remedies for grievances.

   o **First Amendment:** Guarantees access to mechanisms for petitioning the government for redress of grievances, which includes filing lawsuits.

3. **Harm Suffered by Plaintiff:**

   o Plaintiff and other consumers are denied easy access to the legal tools needed to file complaints against businesses with actionable grievances, thereby limiting their ability to seek justice and hold businesses accountable.

## IV. **Relief Requested**

Plaintiff requests the Court to:

1. Order Alphabet Inc. to include downloadable links to court forms (e.g., "Pro Se General Complaint" and "Application to Proceed Without Prepaying Fees or Costs") clearly labeled as "Complaint to Courts" under the review tabs for businesses on Google Search.

2. Require Alphabet Inc. to notify users of these resources via public announcements.

3. Award any other relief deemed just and proper by the Court.

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, I certify that this complaint:

1. Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

2. Is supported by existing law or a non-frivolous argument for extending or modifying existing law;

3. Has factual contentions supported by evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. Complies with Rule 11 requirements.

- **Plaintiff's Signature:** _____

- **Date:** _____

- **Plaintiff's Name (Printed):** _____

**OPTIONAL:** If electronic notifications are requested:

- Email Address: _____

**FROM:**

Devin Brandspa
Luverne, AL 36049




UNITED STATES
POSTAL SERVICE.

**Retail**

**US POSTAGE PAID**

**$9.35**

Origin: 36049
12/23/24
0150900050-01

**USPS GROUND ADVANTAGE®**

1 Lb 1.50 Oz

**RDC 01**

**C039**

SHIP
TO:



1 CHURCH ST
MONTGOMERY AL 36104-4018

**USPS TRACKING® #**



9534 6115 0041 4358 2284 83

**TO:**

Clerk of Cort

One Chinch Street, Montgomery
Alabama, 36104